Electronically Filed - St Charles Circuit Div - June 20, 2018 - 02:16 PM

**1811-CC00613**

IN THE MISSOURI CIRCUIT COURT
FOR THE ELEVENTH JUDICIAL CIRCUIT
COUNTY OF ST. CHARLES

| | |
|---|---|
| SWINTER GROUP, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )    **JURY TRIAL DEMANDED** |
| THRIVE CONSTRUCTION, LLC d/b/a | ) |
| THRIVE CONSTRUCTION, | ) |
| | ) |
|     Serve: | ) |
|     Northwest Registered Agent Ser | ) |
|     Registered Agent | ) |
|     1900 E. Golf Road, Ste. 950A | ) |
|     Schaumburg, IL 60173 | ) |
| | ) |
|     Buck Baumer, Manager | ) |
|     2607 Rockport Lane, Apt. 207 | ) |
|     Naperville, IL 60564-4775 | ) |
| | ) |
|     Buck Baumer, Manager | ) |
|     Or Person in Charge | ) |
|     2863 West 95th Street | ) |
|     Naperville, IL 60564 | ) |
| | ) |
| ALAN JOSEPH a/k/a R Alan and | ) |
| d/b/a THRIVE CONSTRUCTION, | ) |
| | ) |
|     Serve: | ) |
|     2607 Rockport Lane, Apt. 207 | ) |
|     Naperville, IL 60564-4775 | ) |
| | ) |
|     2863 West 95th Street | ) |
|     Naperville, IL 60564 | ) |
| | ) |
| BUCK R. BAUMERT, | ) |
| | ) |
|     Serve: | ) |
|     2607 Rockport Lane, Apt. 207 | ) |
|     Naperville, IL 60564-4775 | ) |
| | ) |
|     2863 West 95th Street | ) |
|     Naperville, IL. 60564 | ) |
|     Defendants. | ) |

1

**EXHIBIT A**

Electronically Filed - St Charles Circuit Div - June 20, 2018 - 02:16 PM

## CLASS ACTION JUNK-FAX PETITION

Plaintiff Swinter Group, Inc., brings this junk-fax class action, on behalf of itself and all others similarly situated, against Defendants under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder (TCPA).

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Swinter Group, Inc., is a Missouri corporation in good standing with the Missouri Secretary of State.

2.      Defendant Thrive Construction, LLC d/b/a Thrive Construction, is an Illinois limited liability company.

3.      Missouri Revised Statutes § 351.574.4 states, in part, that "[e]very foreign corporation now doing business in or which may hereafter do business in this state without a certificate of authority shall be subject to a fine of not less than one thousand dollars to be recovered before any court of competent jurisdiction."

4.      Thrive Construction, LLC, does not have a certificate of authority issued by the Missouri Secretary of State to transact business in Missouri.

5.      Defendant Alan Joseph a/k/a R Alan and d/b/a Thrive Construction is an individual who, on information and belief, resides in Illinois.

6.      The website www.thriveconstructionllc.com, states, "Contact us at: Alan Joseph 815.345.0721 alanj@thriveconstructionllc.com."

7.      Missouri Revised Statutes § 417.20 states "[t]hat every name under

**EXHIBIT A**

Electronically Filed - St Charles Circuit Div - June 20, 2018 - 02:16 PM

which any person shall do or transact any business in this state, other than the true name of such person, is hereby declared to be a fictitious name, and it shall be unlawful for any person to engage in or transact any business in this state under a fictitious name without first registering same with the secretary of state as herein required."

8.      "Thrive Construction" was not registered by Defendant Thrive Construction, LLC, or Defendant Joseph as a fictitious name with the Missouri Secretary of State.

9.      Defendant Buck R. Baumert is an individual who resides in Illinois.

10.     This Court has personal jurisdiction over Defendants under 47 U.S.C. § 227(b)(3), because they sent multiple illegal faxes into Missouri, they transact business within this state, or they have committed tortious acts within this state, including conversion of fax recipients' paper, ink, and toner, and the unauthorized occupation of Plaintiff's fax line.

11.     Venue is proper under Missouri Revised Statutes § 508.010.

### THE FAX

12.     On or about February 20, 2017, Defendants, or someone acting on their behalf, i.e., EasyLink Services International Corporation, used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 678-0116 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 1** (Fax).

13.     Plaintiff received the Fax through Plaintiff's facsimile machine.

3

**EXHIBIT A**

Electronically Filed - St Charles Circuit Div - June 20, 2018 - 02:16 PM

14.     The Fax constitutes material advertising the quality or commercial availability of any property, goods, or services.

15.     On its first page, the Fax states that it is from "Thrive Construction" and "R Alan" as follows:

## From: Thrive Construction

To:  True North Outdoor
     Ken Boegeman
     (314) 678-0114

From:  Thrive Construction
       R. Alan
       (815) 345-0721   Fax: (847) 906-8686

16.     Page three of the Fax contains, in part, the following:

FROM: Thrive Construction
      2863 West 95th Street
      Naperville, IL. 60564
      thriveconstructionra@gmail.com

17.     The Fax includes a request for a proposal for construction work.

18.     The Fax refers to "BB-Bid."

19.     "BB-Bid allows users to message invitations to bid and requests for quote to their private vendors as well as those in The Blue Book's industry leading database of subcontractors, suppliers and manufacturers. Messages can be sent at no charge via email or standard fax. The Blue Book offers a Priority Fax option as well." www.buildingonline.com/apps/news/article/5621 (last visited June 19, 2018).

20.     The Fax, on page 1, includes in part the following language:

4

**EXHIBIT A**

Electronically Filed - St. Charles Circuit Div - June 20, 2018 - 02:16 PM

Powered by:

# ᴛʜᴇ BLUE BOOK
**Building & Construction**
# NETWORK®

\* Continued Next Page \*

To learn how to track and manage your project leads through
The Blue Book project lead system, call BB-Bid support
888 303-2243

21.     The Fax, on page 1, states, in part, "Go to www.thebluebook.com."

22.     Such website includes a list of various products:



www.thebluebook.com (last visited June 19, 2018).

23.     There are charges for some products advertised on
www.thebluebook.com.

24.     Defendants have sent at least three other facsimile transmissions of
material advertising the quality or commercial availability of property, goods, or
services to Plaintiff and, on information and belief, to at least 40 other persons as
part of a plan to broadcast fax advertisements, of which the Fax is an example,
or, alternatively, the Fax was sent on behalf of Defendants.

25.     Defendants approved, authorized and participated in the scheme to
broadcast fax advertisements by (a) directing a list to be purchased or assembled,
(b) directing and supervising employees or third parties to send the faxes, (c)

5

**EXHIBIT A**

Electronically Filed - St Charles Circuit Div - June 20, 2018 - 02:16 PM

creating and approving all or part of the fax form to be sent, or (d) determining the number and frequency of the facsimile transmissions.

26.     Defendants had a high degree of involvement in, actual notice of, or ratified the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

27.     Defendants created, made, or ratified the sending of the Fax and other similar or identical facsimile advertisements, which Defendants sent or caused to send to Plaintiff and to other members of the class defined below.

28.     The Fax, and the other similar or identical facsimile advertisements, sent by or on behalf of Defendants, is part of Defendants' work or operations to market products, goods, or services and to drive traffic to the website on the Fax where additional products and services are advertised or promoted.

29.     The Fax sent to Plaintiff, and the other facsimile advertisements sent by or on behalf of Defendants, lacked a clear and conspicuous notice informing the recipient of the ability and means to avoid future unsolicited advertisements.

30.     Defendants' practice was no only to transmit faxed advertisements in conjunction with initial requests for proposals but also to send a reminder to bid via facsimile or to have third parties do such transmissions.

31.     Plaintiff received an unsolicited Reminder to Bid faxed advertisement from or on behalf of Defendants and it lacked a proper opt-out notice on the fax's first page.

6

**EXHIBIT A**

Electronically Filed - St Charles Circuit Div - June 20, 2018 - 02:16 PM

32.     Under the TCPA and 47 C.F.R. § 64.1200(a)(4)(iii), the opt-out notice required for all facsimile advertisements must meet the following criteria:

(A)     The notice is clear and conspicuous and on the first page of the advertisement;

(B)     The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a)(4)(v) of this section is unlawful;

(C)     The notice sets forth the requirements for an opt-out request under paragraph (a)(4)(v) of this section

(D)     The notice includes—

   (1)     A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and

   (2)     If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and

(E)     The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

33.     Senders of unsolicited fax ads must fully comply with the opt-out notice requirements of 47 C.F.R. § 64.1200(a)(4)(iii).

34.     The Fax and Defendants' similar facsimile advertisements lacked a notice stating that the recipient may make a request to the sender of the advertisement not to send future advertisements to a telephone facsimile

7

**EXHIBIT A**

Electronically Filed - St. Charles Circuit Div - June 20, 2018 - 02:16 PM

machine or machines and that failure to comply, within 30 days, with such a request meeting 47 C.F.R. § 64.1200(a)(4)(v)'s requirements is unlawful.

35.    The transmissions of facsimile advertisements, including the Fax, to Plaintiff, lacked a notice that complied with 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)(iii).

36.    Defendants faxed the same or other substantially similar facsimile advertisements to the members of the Class in Missouri and throughout the United States without first obtaining the recipients' prior express invitation or permission.

37.    Defendants violated the TCPA by transmitting the Fax to Plaintiff and to the Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4).

38.    Defendants knew or should have known that (a) facsimile advertisements, including the Fax, were advertisements, (b) Plaintiff and the other Class members had not given their prior invitation or permission to receive facsimile advertisements, (c) no established business relationship existed with Plaintiff and the other Class members, and (d) such facsimile advertisements did not display a proper opt-out notice.

39.    Defendants failed to determine correctly the legal restrictions on the use of facsimile transmissions and the application of those restrictions to facsimile advertisements, including the Fax, both to Plaintiff and the Class.

8

**EXHIBIT A**

Case: 4:18-cv-01712-AGF   Doc. #: 1-1   Filed: 10/05/18   Page: 9 of 18 PageID #: 13

Electronically Filed - St. Charles Circuit Div - June 20, 2018 - 02:16 PM

40.     Pleading in the alternative to the allegations that Defendants knowingly violated the TCPA, Plaintiff alleges Defendants did not intend to send transmissions of facsimile advertisements, including the Fax, to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of facsimile advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either Defendants' own understanding of the law or on the representations of others on which Defendants reasonably relied.

41.     The transmissions of facsimile advertisements, including the Fax, to Plaintiff and the Class caused concrete and personalized injury, including unwanted use and destruction of their property, e.g., toner or ink and paper, caused undesired wear on hardware, interfered with the recipients' exclusive use of their property, occupied recipients' fax machines and fax lines for the period of time required for the electronic transmission of the data, and interfered with their business or personal communications and privacy interests.

## CLASS ACTION ALLEGATIONS

42.     Plaintiff brings this class action on behalf of the following class of persons, hereafter, the "TCPA Class" or "Class":

> All persons in the United States who, on or after four years prior to the filing of this action, (1) were sent by or on behalf of Defendants a telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services, (2) with respect to whom Defendants cannot provide evidence of prior express invitation or permission for the sending of such faxes, and (3) either (a) with whom Defendants did not have an established business relationship, or (b) the fax identified in subpart (1) of this definition (i) did not display a clear and conspicuous opt-out notice on the first page stating that the

9

**EXHIBIT A**

Electronically Filed - St. Charles Circuit Div - June 20, 2018 - 02:16 PM

recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful, (ii) lacked a telephone number for sending the opt-out request, or (iii) lacked a facsimile number for sending the opt-out request.

43. Excluded from the Class are Defendants, their employees, their agents, and members of the judiciary.

44. This case is appropriate as a class action because:

a. <u>Numerosity.</u> On information and belief, based in part on review of the sophisticated Fax and online research, the Class includes at least 40 persons and is so numerous that joinder of all members is impracticable.

b. <u>Commonality.</u> Questions of fact or law common to the Class predominate over questions affecting only individual Class members, e.g.:

    i. Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

    ii. Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the commercial availability of any property, goods or services;

    iii. Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the quality of any property, goods or services;

    iv. The manner and method Defendants used to compile or obtain the list of fax numbers to which Defendants sent the Fax and other unsolicited faxed advertisements;

    v. Whether Defendants faxed advertisements without first obtaining the recipients' prior express invitation or permission;

    vi. Whether Defendants violated 47 U.S.C. § 227;

    vii. Whether Defendants willingly or knowingly violated 47 U.S.C. § 227;

    viii. Whether Defendants violated 47 C.F.R. § 64.1200;

10

**EXHIBIT A**

Electronically Filed - St Charles Circuit Div - June 20, 2018 - 02:16 PM

ix.   Whether the Fax, and the other fax advertisements sent by or on behalf of Defendants, displayed the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4);

x.   Whether the Court should award statutory damages per TCPA violation per fax;

xi.   Whether the Court should award treble damages per TCPA violation per fax;

xii.   Whether the Court should enjoin Defendants from sending TCPA-violating facsimile advertisements in the future; and

xiii.   Whether Defendants, on account of its software and system for sending faxed requests for bids, had high degree of involvement in, or actual notice of, the unlawful activity and failed to take steps to prevent such facsimile transmissions.

c.   Typicality.  Plaintiff's claim is typical of the other Class members' claims, because, on information and belief, the Fax was substantially the same as the faxes sent by or on behalf of Defendants to the Class, and Plaintiff is making the same claim and seeking the same relief for itself and all Class members based on the same statute and regulation.

d.   Adequacy.  Plaintiff will fairly and adequately protect the interests of the other Class members.  Plaintiff's counsel is experienced in TCPA class actions, having litigated more than 90 such cases, and having been appointed class counsel in multiple cases.  Neither Plaintiff nor its counsel has interests adverse or in conflict with the Class members.

e.   Superiority.  A class action is the superior method for adjudicating this controversy fairly and efficiently. The interest of each individual Class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

11

**EXHIBIT A**

Electronically Filed - St. Charles Circuit Div - June 20, 2018 - 02:16 PM

45.     The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1).

46.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

47.     The TCPA provides:

Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

> (A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

> (B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

> (C)     Both such actions.

47 U.S.C. § 227(b)(3)(A)-(C).

48.     The TCPA also provides that the Court, in its discretion, may treble the statutory damages if a defendant "willfully or knowingly" violated Section 227(b) or the regulations prescribed thereunder.

49.     "A facsimile broadcaster will be liable for violations of [Section 64.1200(a)(4)]. . . , including the inclusion of opt-out notices on unsolicited advertisements, if it demonstrates a high degree of involvement in, or actual

12

**EXHIBIT A**

Electronically Filed - St Charles Circuit Div - June 20, 2018 - 02:16 PM

notice of, the unlawful activity and fails to take steps to prevent such facsimile transmissions." 47 C.F.R. § 64.1200(a)(4)(vii).

50.    Because the TCPA is essentially a strict liability statute, Defendants are liable to Plaintiff and the Class even if Defendants only acted negligently.

51.    Defendants' actions caused concrete and particularized harm to Plaintiff and the Class, as

a.    receiving Defendants' faxed advertisements caused the recipients to lose paper and toner consumed in printing Defendants' faxes;

b.    Defendants' actions interfered with the recipients' use of the recipients' fax machines and telephone lines;

c.    Defendants' faxes cost the recipients time, which was wasted time receiving, reviewing, and routing the unlawful faxes, and such time otherwise would have been spent on business activities; and

d.    Defendants' faxes unlawfully interrupted the recipients' privacy interests in being left alone and intruded upon their seclusion.

52.    Defendants intended to cause damage to Plaintiff and the Class, to violate their privacy, to interfere with the recipients' fax machines, or to consume the recipients' valuable time with Defendants' advertisements; therefore, treble damages are warranted under 47 U.S.C. § 227(b)(3).

53.    Defendants knew or should have known that (a) Plaintiff and the other Class members had not given express invitation or permission for Defendants or anyone else to fax advertisements about Defendants' property,

**EXHIBIT A**

Electronically Filed - St Charles - Circuit Div - June 20, 2018 - 02:16 PM

goods, or services, (b) Defendants did not have an established business relationship with Plaintiff and the other Class members, (c) the Fax and the other facsimile advertisements were advertisements, and (d) the Fax and the other facsimile advertisements did not display the proper opt-out notice.

54. Defendants violated the TCPA by transmitting the Fax to Plaintiff and substantially similar facsimile advertisements to the other Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4)(iii).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, jointly and severally, as follows:

a. certify this action as a class action and appoint Plaintiff as class representative;

b. appoint the undersigned counsel as class counsel;

c. award damages of $500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3)(B);

d. award treble damages up to $1,500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3);

e. enjoin Defendants from continuing to send TCPA-violating facsimiles pursuant to 47 U.S.C. § 227(a)(3)(A);

f. award class counsel reasonable attorneys' fees and all expenses of this action and require Defendants to pay the costs and expenses of class notice and claim administration;

g. award Plaintiff an incentive award based upon its time expended on behalf of the TCPA Class and other relevant factors;

h. award Plaintiff prejudgment interest and costs; and

i. grant Plaintiff all other relief deemed just and proper.

**EXHIBIT A**

Electronically Filed - St. Charles Circuit Div - June 20, 2018 - 02:16 PM

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases, or other itemization of telephone or fax numbers associated with Defendants and the communication or transmittal of advertisements as alleged herein.

June 20, 2018

SCHULTZ & ASSOCIATES LLP

By: _Ronald J. Eisenberg_
Ronald J. Eisenberg, #48674
640 Cepi Drive, Suite A
Chesterfield, MO 63005
636-537-4645
Fax: 636-537-2599
reisenberg@sl-lawyers.com

*Attorney for Plaintiff*

**EXHIBIT A**

Feb 20 2017 10:05:23 EST thebluebook.com        MSG# 27024750-005-1 **1811-CC00613**

Electronically Filed - St Charles Circuit Div - June 20, 2018 - 02:16 PM

# Request for Proposal

## From: Thrive Construction



**To:** True North Outdoor
Ken Boegeman
(314) 678-0114

**From:** Thrive Construction
R Alan
(815) 345-0721   Fax: (847) 906-8686

---

*Respond to this RFP by 03/02/17 using one of the following methods*

Online with QBid ID: CFJXSNKD-FLCJWBHA

**From: Thrive Construction**
We request that you view, download and order plans and specifications online. Go to www.thebluebook.com and logon to BB-Bid with your QBid ID above. For assistance, call (888) 303-2243.

Offline by Fax: (847) 906-8686   (check one and return)

☐ **INTERESTED - I will bid the following:**

_____

_____

☐ **NOT INTERESTED -Include on future RFPs**

☐ **NOT INTERESTED -Exclude from future RFPs**

**Status:** Bidding-General Contractor

**Project Information:**

**Title:** Oberweis Dairy Store/That Burger Joint
**Type/Struct:** (New) / - Restaurant

**Location:** 2105 Veterans Parkway
Blommington, IL 61704
**Bids Due:** 03/02/17 @ 9:00 AM

**Details:**
**Square Footage:** 5,500

**Notes:**

**Categories Required:**
024100- Demolition Contractors
030120- Concrete Contrs.--Reinforced Concrete
030180- Concrete Breaking Sawing & Drilling
033500- Concrete Contrs.--Sidewalks/Floors/Curbs
033533- Stamped Concrete Finishing
040100- Mason Contractors
040102- Tuckpointing
040180- Mason Contractors [DBE WBE]
050110- Structural Steel
050115- Structural Steel Fabricators [DBE WBE]
050150- Steel Erection
050170- Architectural Metal Contractors
050171- Decorative Ironwork
060110- Carpentry Contractors
062200- Millwork
062220- Carpentry-Millwork-Cabinetry [DBE WBE]
064100- Architectural & Cabinet Woodwork
070140- Roofing and Siding Panels
070151- Roofing Contractors
070155- Roofing Contractors [DBE WBE]
072400- Exterior Insulation and Finish Systems
074000- Siding Contractors
076000- Flashing and Sheet Metal

090120- Drywall Contractors
090131- Tile Contractors
090140- Tile/Marble/Terrazzo Contrs. [DBE WBE]
090180- Acoustical Contractors
090190- Painting
090195- Painting Contractors [DBE WBE]
096500- Resilient Flooring
097200- Wall Coverings
211300- Fire-Suppression Sprinkler Systems
220100- Plumbing
230101- Heating Contractors
230102- HVAC-Mechanical
230130- Air Conditioning Contractors
260100- Electrical Contractors
265613- Lighting Poles and Standards
283000- Alarm Systems
310100- Earthwork
320101- Paving Contractors
320180- Irrigation Systems
320190- Landscaping
320195- Landscape Contractors [DBE WBE]
321723- Pavement Markings
323100- Fences

*Powered by:*

**\* Continued Next Page \***

**⁵BLUE BOOK**
**Building & Construction**
**NETWORK®**

*To learn how to track and manage your project leads through*
*The Blue Book project lead system, call BB-Bid support*
*888 303-2243*

Ex. 1

**EXHIBIT A**

Electronically Filed - St. Charles Circuit Div - June 20, 2018 - 02:16 PM

084300- Storefronts
087100- Door Hardware

323130- Fence Contractors [DBE WBE]
330130- Sewer Utilities

**Location(s) of Plans, Specifications and Bid Documents:**
**Internet Access to Plans, Specifications and Bid Documents:**
Visit this project's "Private Online Planroom" to view, download and order plans and
specifications. Use your QBidID (see directions above) to access under the "My Leads" tab.

**Additional Internet Access:**
https://www.dropbox.com/sh/m9b3aofuwxe3x3d/AACz_-tQmfhPYY1H39mhIhB2a?dl=0  --Planroom Link

**EXHIBIT A**

Feb 28 2017 18:86:86 EST thebluebook.com          MSG# 27824758-885-1     Page 883 Of 883

Electronically Filed - St Charles Circuit Div - June 20, 2018 - 02:16 PM



# Thrive Construction

# INVITATION TO BID

FROM: Thrive Construction
2863 West 95th Street
Naperville, IL. 60564
thriveconstructionra@gmail.com

RE:     Oberweis Dairy/That Burger Joint
2105 Veterans Parkway
Bloomington, IL. 61704

DROPBOX: https://www.dropbox.com/sh/m9b3aofuwxe3x3d/AACz_-tQmfhPYY1H39mh1hB2a?dl=0

DUE DATE: March 2nd at 9am

**Project Description:**
Old Carlos O'Kelly's construction of a new restaurant with drive-thru to include: demolition, concrete, masonry, asphalt, landscaping, roofing, storefront, plumbing, electrical, HVAC, tile, painting, wall covering, carpentry, acoustical ceiling, coring.

**Items to note:**

- NA

Please indicate if you will be bidding on this project and fax this back to (847) 906-8686 or email thriveconstructionra@gmail.com and we will email plans right away.

_____ Yes, I will be Bidding

Business Name_____

Contact Name_____Office_____Cell_____

E-mail_____

# **PLEASE NO PHONE CALLS, YOU WILL GET A QUICKER ANSWER EMAILING US**

## THANK YOU FOR YOUR TIME AND BIDDING

**EXHIBIT A**